UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TROY LILLIE, ET AL.,<br>Plaintiffs, | * | CIVIL ACTION |
| VERSUS | * | NO. 3:13-cv-00150-JJB-RLB |
| | * | |
| STANFORD TRUST COMPANY, ET AL.,<br>Defendants. | * | DISTRICT JUDGE BRADY |
| | * | MAGISTRATE JUDGE BOURGEOIS |
| * * * * * * * *  * * * * * * * * * | * | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 6, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TROY LILLIE, ET AL.,<br>　　　　Plaintiffs, | * | CIVIL ACTION |
| VERSUS | * | NO. 3:13-cv-00150-JJB-RLB |
| | * | |
| STANFORD TRUST COMPANY, ET AL.,<br>　　　　Defendants. | * | DISTRICT JUDGE BRADY |
| | * | MAGISTRATE JUDGE BOURGEOIS |
| * * * * * * * * * * * * * * * * * | * | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the court on the Motion of the State of Louisiana through the Office of Financial Institutions ("OFI") to Remand and to Sever Claims (R. Doc. 59). The removing defendants and another defendant have filed briefing joining in OFI's motion (R. Docs. 71, 72). The Plaintiffs originally opposed OFI's motion to the extent it sought to sever and remand their claim against OFI claims separately as opposed to remanding the entire action (R. Doc. 73). The Plaintiffs have now filed briefing requesting that their claim against OFI be remanded (R. Doc. 99). The Motion is therefore considered unopposed. Based on the applicable law and analysis which follows, OFI's Motion to Sever (R. Doc. 59) should be **DENIED** as moot and OFI's Motion to Remand (R. Doc. 59) should be **GRANTED**.

**Procedural Background**

On August 20, 2009, the Plaintiffs filed a Class Action Petition alleging, among other things, that SEI Investments Company was involved in the fraudulent sale and marketing of CDs issued by Stanford Intentional Bank ("SIB") and that OFI failed to regulate the sale of SIB CDs

1

issued by the Stanford Trust Company (R. Doc. 25-1). After the state court granted class certification, the Plaintiffs filed an amended class action petition adding SEI Private Trust Company, a wholly owned subsidiary of SEI Investments Company, as a defendant (collectively, "SEI") (R. Doc. 81). The Plaintiffs also included a claim under the Louisiana Direct Action Statute, La. R.S. § 22:1269, against seven of SEI's insurers: Continental Casualty Company, Certain Underwriters at Lloyd's of London, Indian Harbor Insurance Company, Nutmeg Insurance Company, Allied World Assurance Company (U.S) Inc., Arch Insurance Company, and Endurance Specialty Insurance Ltd. (the "SEI Insurers") (R. Doc. 81).

On March 11, 2013, all of the SEI Insurers (with the exception of Endurance Specialty Insurance Ltd.) removed the action under the Class Action Fairness Act (CAFA),[1] and alternatively, under the federal Securities Litigation Uniform Standards Act of 1998 (SLUSA)[2] (R. Doc. 1). On March 19, 2013, the Plaintiffs filed a motion to remand the proceeding in its entirety arguing, among other things, that the *Rooker-Feldman* doctrine precluded removal and that removal was improper under CAFA or SLUSA (R. Doc. 24). The Plaintiffs' motion to remand is opposed by all of the SEI Insurers (R. Docs. 64, 66).[3]

On April 1, 2013, OFI filed the instant motion to sever and remand the claims brought against it, arguing that this proceeding does not belong in federal court based on its immunity from suit in federal court under the Eleventh Amendment (R. Doc. 59). All of the SEI Insurers joined in this motion (R. Docs. 71, 72). The Plaintiffs filed a memorandum stating that they

---

[1] 28 U.S.C. § 1332(d), 28 U.S.C. § 1453.
[2] Citing 15 U.S.C. §§ 77p(b), 78bb(f)(2).
[3] The Plaintiffs filed a reply memorandum (R. Doc. 87) and the removing SEI Insurers filed a surreply memorandum (R. Doc. 89). As discussed more fully below, on August 8, 2013, this action was ordered transferred to the United States District Court for the Northern District of Texas (R. Doc. 94). After transfer of the docket to the Northern District of Texas court was completed (*see* R. Docs. 95, 96), the Plaintiffs filed (in this court) a supplemental memorandum requesting the court to grant its motion to remand on the basis that OFI has consented to remand (R. Doc. 99). To the extent that supplemental memorandum contains arguments relevant to support the remand of the claims now pending before the Northern District of Texas, the Plaintiffs should seek leave to file briefing containing those arguments in the appropriate court.

2

opposed OFI's motion to sever and requested the court to remand the *entire* action rather than create two separate litigations (R. Doc. 73). The Plaintiffs' opposition memorandum did not address OFI's arguments for remand based on Eleventh Amendment Immunity.

On August 7, 2013, the United States Judicial Panel on Multidistrict Litigation ("MDL Panel") issued a Transfer Order transferring the Plaintiffs' claims against SEI and the SEI insurers to *In re: Stanford Entities Securities Litig.*, MDL No. 2009, which is pending before the United States District Court for the Northern District of Texas (R. Doc. 94).[4] The MDL Panel concluded "that plaintiffs' claims against SEI and the alleged SEI insurers involve common questions of fact with the actions previously transferred to MDL No. 2099, and that transfer of those claims to the Northern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation" (R. Doc. 94 at 1).

The MDL Panel, however, did not transfer the Plaintiffs' claim against OFI, which it instead "separated and remanded to the Middle District of Louisiana" (R. Doc. 94 at 3). The MDL Panel concluded that the Plaintiffs' claim against OFI did not involve "common factual questions" relative to the actions previously transferred to MDL No. 2099 (R. Doc. 94 at 2). More specifically, the MDL Panel held that the Plaintiffs' "failure-to-regulate claim focuses on factual issues unique to OFI, with respect to the conduct of its examiners and the nature and scope of its regulatory authority" (R. Doc. 94 at 2). The MDL Panel correctly noted that OFI has filed a motion to remand and sever its claims and that "[n]o party has opposed its assertion of Eleventh Amendment immunity" in this proceeding (R. Doc. 94 at 2 n.5).

---

[4] *In re Stanford Entities Securities Litig.*, MDL No. 2099, R. Doc. 238.

3

**Applicable Law & Analysis**

Motion to Sever

The MDL Panel's Transfer Order effectively severed the Plaintiffs' claim against OFI—which remain before this court—from the Plaintiffs' claims against SEI and the SEI insurers—which have been transferred to the United States District Court for the Northern District of Texas for adjudication in *In re: Stanford Entities Securities Litig.*, MDL No. 2009.  Accordingly, OFI's request to have its claims severed should be **DENIED** as moot.

Motion to Remand

The Eleventh Amendment of the United States Constitution provides, in pertinent part, that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State. . . ." The Supreme Court has interpreted the immunity from suits provided by the Eleventh Amendment to extend to suits brought by a citizen against his or her own state.  *See Hans v. Louisiana*, 134 U.S. 1 (1890); *see also Alden v. Maine*, 527 U.S. 706, 728-29 (1999) ("The Eleventh Amendment confirmed, rather than established, sovereign immunity as a constitutional principle; it follows that the scope of the States' immunity from suit is demarcated not by the text of the Amendment alone but by fundamental postulates implicit in the constitutional design."). The immunity from suit provided by the Eleventh Amendment is not absolute, as it can be abrogated by Congress or waived by the state. *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).  By statute, Louisiana has rejected waiver of its sovereign immunity.  *See* La. R.S. § 13:5106 ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court.").

4

To properly remove a state court action under CAFA, the removing defendants do not need to seek consent from all of the other defendants. *See* 28 U.S.C. § 1453(b). "Because CAFA eliminated the requirement of unanimity of consent to removal, a state may find itself in a case removed to federal court without having joined in the removal." *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546-47 (5th Cir. 2006). The Fifth Circuit has held that where a state does not affirmatively act in removing a case to federal court, it has not waived its sovereign immunity. *Id*. The court in such a procedural posture may ignore the state's sovereign immunity until asserted by the state. *Id*.

Here, the removing defendants (six of the seven SEI Insurers) did not seek OFI's consent to removal. After removal, OFI argued that it is entitled to immunity from suit in federal court under the Eleventh Amendment (R. Doc. 59). More specifically, OFI argued that it is an agency of the State of Louisiana as provided by La. R.S. § 6:101A and any judgment rendered in this litigation against OFI must be paid by funds appropriated by the Louisiana Legislature for that purpose under La. R.S. § 13:5109B(2) (R. Doc. 59-1 at 7). OFI further argued that the State of Louisiana is the "real party at interest in this litigation" and is entitled to assert Eleventh Amendment immunity through OFI (R. Doc. 59-1 at 7). Finally, OFI argued that the State of Louisiana, and therefore OFI as its agency, has not waived its Eleventh Amendment Immunity as affirmatively stated in La. R.S. § 13:5106A. (R. Doc. 59-1 at 6-7).

Although the Plaintiffs opposed the severance of OFI's claims and remand separate from its claims brought against SEI and the SEI insurers, they have not directly opposed OFI's arguments for remand based upon the Eleventh Amendment. More specifically, the Plaintiffs have not opposed OFI's contentions that (1) OFI is an agency of the State of Louisiana; (2) OFI is entitled to assert immunity from suit in federal court under the Eleventh Amendment; and (3)

5

OFI has not waived its immunity from suit in federal court by the removal of this action by the SEI Insurers without its consent.

It is uncontested that OFI is an agency of the State of Louisiana.  It is also uncontested that if OFI is entitled to immunity from suit in federal court, it has not waived such immunity.  Simply because OFI is a state agency, however, does not automatically end the inquiry into whether it can share the State's sovereign immunity.  *See Earles v. State Bd. of Certified Pub. Accountants of Louisiana*, 139 F.3d 1033, 1036-37 (5th Cir. 1998) ("State agencies are immunized by the Eleventh Amendment in certain circumstances.  Simply being a political subdivision of a state, however, is not enough.") (citations omitted).  To share in a State's Eleventh Amendment immunity, an entity must be an "arm of the state" as opposed to "a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend . . . ."  *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).  The Fifth Circuit employs a six-part test to determine whether a state agency operates as an arm of the state: "(1) whether the state, through statutes or case law, views the entity as an arm of the state; (2) the source of the entity's funding; (3) whether the entity is concerned with local or statewide problems; (4) the entity's degree of authority independent from the state; (5) whether the entity can sue and be sued in its own name; and (6) whether the entity has the right to hold and use property." *Earles*, 139 F.3d 1033, 1037 (5th Cir. 1998).

Although neither OFI nor the Plaintiffs have specifically briefed the Fifth Circuit's six-factor test in support of a finding that it is entitled to Eleventh Amendment immunity, the record does contain some evidence supporting such a determination.[5]  No evidence has been offered or

---

[5] As set forth in the Motion, funding for any judgment against OFI to be paid only out of funds appropriated by the Louisiana legislature, OFI's authority is over financial entities regulated state wide (not local), and the Louisiana State Legislature has exclusive lawmaking authority with respect to OFI (R. Doc. 59-1 at 7).

6

is in the record supporting a conclusion that OFI is not an arm of the State. The Plaintiffs support remand in this matter. Accordingly, OFI's motion to remand should be **GRANTED**.

Having granted OFI's motion to remand (R. Doc. 59), the court need not address the arguments raised by the Plaintiffs' motion to remand (R. Doc. 24). As stated by the MDL Panel, the "Plaintiffs can present their remand motion to the transferee judge" in the Northern District of Texas (R. Doc. 94 at 2).[6] Accordingly, the Plaintiffs' Motion to Remand (R. Doc. 24) will be decided by the transferee judge in *In re: Stanford Entities Securities Litig.*, MDL No. 2009.

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendant OFI's Motion to Sever (R. Doc. 59) should be **DENIED as moot.**

**IT FURTHER IS RECOMMENDED** that Defendant OFI's Motion to Remand (R. Doc. 59) should be **GRANTED** and this matter should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on September 6, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] The MDL Panel also noted that the "transferee judge has decided other motions for remand in MDL No. 2099" (R. Doc. 94 at 2 n.4).

7