UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TROY LILLIE ET AL. | CIVIL ACTION |
| VERSUS | |
| STANFORD TRUST CO. ET AL. | NO.: 13-150-BAJ-EWD<br>C/W NO.: 19-138-BAJ-EWD |

## RULING AND ORDER

Before the Court is the **Motion for Reconsideration (Doc. 147)** of the Court's Ruling (Doc. 146) denying Plaintiffs' Motion for a Federal Rule of Civil Procedure 56(d) Continuance (Doc. 130) and granting SEI's Motion for Summary Judgment (Doc. 127).[1] Also before the Court is Plaintiffs' Memorandum in Response (Doc. 149) to the Court's directive that Plaintiffs show cause why the Court should not grant summary judgment in favor of the Insurer Defendants.[2] For the reasons that follow, the Court **DENIES** Plaintiffs' **Motion for Reconsideration (Doc. 147)**, **GRANTS** summary judgment in favor of the Insurer Defendants under Federal Rule of Civil Procedure 56(f), and by separate order **ENTERS JUDGMENT** against Plaintiffs in accordance with Federal Rule of Civil Procedure 58.

---

[1] The parties refer to SEI Investments Company and SEI Private Trust Company collectively as SEI. The Court does the same.

[2] The Court refers to the following insurers collectively as the Insurer Defendants: Allied World Assurance Company (U.S.) Inc., Continental Casualty Company, Arch Insurance Company, Indian Harbor Insurance Company, Nutmeg Insurance Company, and Certain Underwriters at Lloyd's of London subscribing to policy nos. FD0805144, FD0805145, FD0805146, FD0805149.

1

I.  BACKGROUND

The Court stated the facts of this case in a prior ruling and will not restate them here. (Doc. 146 at pp. 1–15). At issue now is the soundness of the Court's ruling denying Plaintiffs' request for a Rule 56(d) continuance and granting SEI's motion for summary judgment. (*Id.*).

That ruling rested on two conclusions. (*Id.*). The first: Plaintiffs failed to show that they were entitled to a Rule 56(d) continuance under the law of this Circuit. (*Id.* at p. 8). The second: SEI met its Rule 56(a) burden by pointing to the absence of evidence supporting the control element of Plaintiffs' control-person claim under Section 714(B) of the Louisiana Securities Law, and Plaintiffs offered no evidence of control in rebuttal. (*Id.* at p. 13).

As for the first conclusion, the Court denied Plaintiffs' request for a Rule 56(d) continuance on the ground that Plaintiffs' supporting declaration was deficient. (Doc. 146 at pp. 7–8). The Court began by explaining that, under the law of this Circuit, the party requesting a Rule 56(d) continuance must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." (*Id.* at p. 7) (citing *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)).

The Court next considered the declaration submitted by Plaintiffs' lead counsel, Philip Preis. (*Id.*). The Court found the declaration deficient in several respects; the declaration failed to (1) identify "specified facts" further discovery may

2

disclose, (2) "set forth a plausible basis" for believing that the unspecified facts were "susceptible of collection within a reasonable time frame," and (3) state that the unspecified facts would "influence the outcome" of SEI's summary judgment motion. (*Id.*). Because the Preis Declaration did not establish what Rule 56(d) and the law of this Circuit require, the Court denied Plaintiffs' Rule 56(d) continuance request and proceeded to the merits.[3] (*Id.* at p. 8).

As for the second conclusion, the Court granted SEI's motion for summary judgment on the ground that SEI offered evidence that it lacked control over Stanford Trust Company's securities-law violations, and Plaintiffs offered no relevant evidence in rebuttal. (*Id.* at pp. 9–13). Central to that conclusion were the contract between SEI and Stanford Trust Company and the testimony of Al Del Pizzo, then-President of SEI Private Trust. (*Id.*). Based on that contract and testimony, the Court found that SEI met its initial burden of pointing to the absence of evidence supporting the control element of Plaintiffs' Section 714(B) control-person claim. (*Id.* at p. 11) (citing *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017)).

Next, the Court found that Plaintiffs failed to come forward with evidence of control. (*Id.* at p. 13). Instead, the Court observed, Plaintiffs advanced erroneous theories of Section 714(B) liability. (*Id.* at pp. 11–13). For example, Plaintiffs repeatedly—and incorrectly—theorized that SEI could have Section 714(B) liability for "enabling" R. Allen Stanford's Ponzi scheme. (*Id.*). The Court explained that

---

[3] Separately, the Court found that Plaintiffs failed to show that they had diligently pursued discovery. (*Id.* at p. 8) (citing *Jacked UP, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017)).

"enabling" is not the standard; control is. (*Id.* at pp. 11–12) (citing LA. REV. STAT. § 51:702(4) and *Heck v. Triche*, 775 F.3d 265, 283 (5th Cir. 2014)). Plaintiffs also tried to swap proof of an alleged "cradle-to-grave relationship" for actual evidence of control. (*Id.* at p. 12). The Court explained that SEI's Section 714(B) liability turns on its ability to control Stanford Trust Company's securities-law violations, not on the duration of the business relationship between the entities. (*Id.*). Finally, Plaintiffs argued that SEI could have Section 714(B) liability because it failed to perform due diligence on the marketing and valuation of the Stanford International Bank certificates of deposit. (*Id.*). This too was erroneous. As the Court explained, a Section 714(B) defendant's due diligence does not become relevant until that defendant is adjudged a control person. (*Id.* at p. 13) (citing Tra*ns Pac. Interactive, Inc. v. U.S. Telemetry Corp.*, 2017 WL 1376592, at *6, 2016-1298 (La. Ct. App. 1st Cir. 4/12/17), *reh'g denied* (May 1, 2017), *writ denied*, 2017-0914 (La. 9/29/17), 227 So. 3d 294).

Based on Plaintiffs' erroneous interpretation of Section 714(B) and failure to marshal relevant evidence of control, the Court concluded that Plaintiffs failed to show a genuine dispute of material fact warranting trial. (Doc. 146 at p. 13). The Court accordingly entered summary judgment in SEI's favor. (*Id.*).

Now, Plaintiffs move the Court to reconsider. (Doc. 147). Plaintiffs contend the Court improperly applied Section 714(B) and in so doing "unjustly depriv[ed]" them of the chance to test their claims to a jury. (Docs. 147 at p. 1; 147-2 at p. 1). Plaintiffs also point to what they call a "startling admission" that SEI described itself as a "Business Service Provider" for Stanford Trust Company. (Doc. 147-2 at p. 2).

4

According to Plaintiffs, this "startling admission" derives from documents SEI produced in spring 2019—well beyond the close of summary judgment briefing. (*Id.*).

SEI opposes. (Doc. 154). It contends that Plaintiffs have long known it was a "Business Service Provider" for Stanford Trust Company and that Plaintiffs offer no valid reason—legal or otherwise—for reconsideration. (Doc. 154 at pp. 1–14).

## II. LEGAL STANDARDS

### A. Reconsideration

The Court may revise an interlocutory order at any time for any reason before entering judgment. *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013). The Court's Ruling (Doc. 146) did not adjudicate all claims or decide the rights and liabilities of all parties; it is therefore interlocutory. *See* FED R. CIV. P. 54(b).

Because requests to reconsider interlocutory orders under Rule 54(b) require the Court to consider the policies behind Rule 59(e) requests to alter or amend judgment, the Court applies the Rule 59(e) standard to Rule 54(b) motions to reconsider. *See, e.g., eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012). To support relief under that standard, Plaintiffs must "clearly establish" that the Court's ruling was "manifestly erroneous" or offer newly discovered evidence justifying reconsideration. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

### B. *Sua Sponte* Summary Judgment

After giving notice and a reasonable time to respond, the Court may grant summary judgment for a nonmovant. FED. R. CIV. P. 56(f); *see Celotex Corp. v. Catrett*,

5

477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence.").

In the Ruling (Doc. 146) under review, the Court notified Plaintiffs that it intended to enter summary judgment in favor of the Insurer Defendants and gave Plaintiffs ten days to respond. (Doc. 146 at pp. 13–14) (citing FED. R. CIV. P. 56(f)).

## III. MOTION FOR RECONSIDERATION

### A. Manifest Error

Plaintiffs contend the Court committed manifest error in denying their Rule 56(d) continuance request and in granting SEI's summary judgment motion. (Doc. 147-2 at pp. 1–21). The Court considers each contention in turn.

#### 1. Rule 56(d) Continuance

Plaintiffs offer two categories of argument in an effort to persuade the Court to reconsider its denial of Plaintiffs' Rule 56(d) continuance request. (Doc. 147-2 at pp. 12–18). The first category comprises Plaintiffs' contention that the Court overlooked "four important things." (*Id.* at p. 12). The second category comprises "errors of fact" Plaintiffs contend the Court made. (*Id.* at pp. 14–18).

##### a. Items Allegedly Overlooked

The first "important thing" Plaintiffs contend the Court overlooked is the failure of any federal court to enter a discovery or scheduling order. (*Id.*). Plaintiffs do not explain why or how the absence of a discovery or scheduling order excuses their failure to establish an entitlement to a Rule 56(d) continuance under the law of

6

this Circuit. (*Id.*). And Plaintiffs' position presupposes that summary judgment cannot be entered absent some discovery. (*Id.*). That is inarguably incorrect. *See Mendez v. Poitevent*, 823 F.3d 326, 336 (5th Cir. 2016) ("Rule 56 does not require that *any* discovery take place before summary judgment can be granted.") (citation omitted) (emphasis in original). Accordingly, this "important thing" does not justify reconsideration of the Court's denial of Plaintiffs' request for a Rule 56(d) continuance.

The second "important thing" is that "continuances are *always* granted" when the movant has exclusive control over discoverable information. (Doc. 147-2 at p. 12) (emphasis added). As purported support for this proposition, Plaintiffs cite *Brown v. Miss. Valley State Univ.*, 311 F.3d 328 (5th Cir. 2002). But *Brown* does not actually stand for that proposition; nothing in the decision establishes that Rule 56(d) continuances are "always granted" when the movant controls the discoverable information. *See* 311 F.3d at 328–334. To the contrary, the decision confirms that no matter which party controls the allegedly relevant information, the party seeking a Rule 56(d) continuance "must demonstrate (1) why additional discovery is needed and (2) how the additional discovery will likely create a genuine issue of material fact." *Brown*, 311 F.3d at 333 n.5 (citation omitted). And here, Plaintiffs make no effort to correct their original failure to show, through the Preis Declaration, how additional discovery would likely create a genuine dispute of material fact as to SEI's ability to control Stanford Trust Company's securities-law violations. (Doc. 147-2 at pp. 1–21).

Accordingly, this "important thing" does not justify reconsideration of the Court's denial of Plaintiffs' request for a Rule 56(d) continuance.

The third "important thing" is the Court's failure to discuss "pending discovery disputes." (Doc. 142-2 at p. 13). In Plaintiffs' view, the Court should not have entertained SEI's summary judgment motion until the Court resolved a months-old discovery dispute that had not generated a discovery motion. (*Id.*). Plaintiffs cite no authority for the remarkable proposition that a party can avoid summary judgment by gesturing towards a discovery dispute. (*Id.*). If Plaintiffs considered SEI's discovery responses to be deficient, Plaintiffs should have moved to compel.[4] Not having done so, Plaintiffs cannot complain that the Court declined to "resolve" a discovery dispute not properly before it. Accordingly, this "important thing" does not justify reconsideration of the Court's denial of Plaintiffs' request for a Rule 56(d) continuance.

The fourth and final "important thing" is that Plaintiffs should not be "punished" for any delay in pursuing discovery because the delay would be attributable to counsel alone. (Doc. 147-2 at p. 13). This argument lacks merit. The Court denied Plaintiffs' continuance request because Plaintiffs failed to show what Rule 56(d) and *Biles* require. (Doc. 146 at p. 8). The Court recognized, as an independent ground for denial of the continuance, that Plaintiffs failed to show that they had diligently pursued discovery. (*Id.*) (citing *Jacked Up, L.L.C. v. Sara Lee*

---

[4] As SEI observes, the United States District Judge formerly assigned to this case advised Plaintiffs' counsel, during a July 30, 2018 status conference, to consider moving to compel if Plaintiffs were dissatisfied with SEI's discovery responses. (Doc. 234 at p. 11 in N.D. Tex. Case No. 3:13-CV-3127-N-BQ).

*Corp.*, 854 F.3d 797, 816 (5th Cir. 2017)). Accordingly, even if the Court agreed that Plaintiffs have diligently pursued discovery, Plaintiffs would not be entitled to Rule 56(d) relief because Plaintiffs have not set forth a plausible basis for believing that "specified facts, susceptible of collection within a reasonable time frame," will influence the outcome of SEI's summary judgment motion. *Biles*, 714 F.3d at 894.

### b. Alleged Errors of Fact

Plaintiffs contend the Court based its denial of their Rule 56(d) continuance request on three "errors of fact."[5] (Doc. 147-2 at pp. 14–18).

First, Plaintiffs contend the Court incorrectly found that the Preis Declaration failed to identify the "specified facts" discovery would disclose. (*Id.* at p. 15). According to Plaintiffs, the Preis Declaration was not deficient in this respect because it "cross-referenced" interrogatories (allegedly tailored to identify records custodians) that Plaintiffs "needed" SEI to answer. (*Id.*). This contention lacks merit.

To obtain a Rule 56(d) continuance, Plaintiffs had to point to "specified facts" that would influence the outcome of SEI's summary judgment motion. *See Biles*, 714 F.3d at 894. And to influence the outcome of that motion, the "specified facts" had to show that SEI was a "control person" under Section 714(B) of the Louisiana Securities Law—specifically, that SEI had the ability to control Stanford Trust Company's primary violations of the Louisiana Securities Law. *See Triche*, 775 F.3d at 283. The Preis Declaration failed to identify any "specified facts" that would establish the

---

[5] Plaintiffs appear to concede that the Preis Declaration failed to establish that the allegedly essential discovery was "susceptible of collection within a reasonable time frame." *Biles*, 714 F.3d at 894. (Doc. 147-2 at pp. 1–21).

9

requisite control. (Doc. 130-1). It merely identified interrogatories Plaintiffs would have liked SEI to answer, without linking the probable answers to those interrogatories to the dispositive question of control. (*Id.*). At best, it identified a document that identified questions aimed at identifying people to whom Plaintiffs could then pose questions that may elicit unspecified yet "essential" information. (*Id.*). That is not the specificity Rule 56(d) requires. *See Biles*, 714 F.3d at 894.

Second, Plaintiffs contend the Court incorrectly found that Plaintiffs "never argued" the requested discovery would influence the outcome of SEI's summary judgment motion. (Doc. 147-2 at p. 16). Plaintiffs are mistaken. The Court found that the *Preis Declaration* failed to identify "specified facts" that established SEI's ability to control Stanford Trust Company's securities-law violations. (Doc. 146 at pp. 7–8). The Court made no finding about what Plaintiffs did or did not "argue" because it is the content of a declaration—not an argument in a brief—that informs the Rule 56(d) analysis. *See* FED. R. CIV. P. 56(d) (requiring the proponent to show "by affidavit or declaration" that it cannot present facts essential to its opposition).

Finally, Plaintiffs contend the Court incorrectly found that the first time Plaintiffs sought judicial assistance in obtaining any relevant documents was in response to SEI's summary judgment motion. (Doc. 147-2 at p. 14). Plaintiffs insist that they repeatedly requested that the United States District Judge formerly assigned to this case intervene in discovery disputes. (*Id.*). They do not mention, however, their failure to move to compel before, in conjunction with, or after the filing of their Rule 56(d) continuance request. (*Id.*). In any event, this alleged error of fact

presents a variant of the diligent-pursuit-of-discovery argument the Court has already rejected. Even if the Court agreed that Plaintiffs timely sought judicial intervention in discovery, Rule 56(d) relief would be unwarranted because Plaintiffs have not made the showing *Biles* requires. *See Biles*, 714 F.3d at 894.

In sum, Plaintiffs fail to show that the Court erred in denying their request for a Rule 56(d) continuance. Rather than offer a revised and *Biles*-compliant declaration, Plaintiffs have doubled-down on the deficient Preis Declaration and the erroneous theories of Section 714(B) liability they advanced in their original motion. Accordingly, Plaintiffs are not entitled to reconsideration of the Court's Rule 56(d) ruling on the ground of manifest error.

### 2. The Merits

Plaintiffs contend the Court committed manifest error in improperly applying the control-person standard under Section 714(B) of the Louisiana Securities Law. (Doc. 147 at p. 1). But Plaintiffs do not explain *how* the Court misapplied that standard. (Doc. 147-2 at pp. 1–21). Worse, Plaintiffs cite no authority whatsoever on the control-person standard. (*Id.*). And in the section of Plaintiffs' brief titled "Errors On Merits Ruling," Plaintiffs urge the Court to consider "new" evidence, without identifying any actual error in the Court's control-person analysis. (*Id.* at pp. 18–20).

Plaintiffs have not identified an error in the Court's merits ruling or cited a single authority on the control-person question. (*Id.* at pp. 18–20). Accordingly, Plaintiffs are not entitled to reconsideration of the Court's merits ruling on the ground of manifest error.

11

## B. Newly Discovered Evidence

Plaintiffs move for reconsideration on the alternative ground that "new" evidence about how SEI described its relationship with Stanford Trust Company creates a genuine dispute of material fact on the question whether SEI was a control-person under Section 714(B) of the Louisiana Securities Law. (Doc. 147-2 at p. 2).

According to Plaintiffs, documents produced in March 2019 show that SEI described itself as a "Business Service Provider" for Stanford Trust Company. (*Id.*). Plaintiffs assert that this designation means that Stanford Trust Company would have "outsource[d] its entire [t]rust department to SEI." (*Id.*). This "Business Service Provider" designation, Plaintiffs continue, gave SEI the power to control Stanford Trust Company's sale of fraudulent certificates of deposit. (*Id.* at p. 3).

SEI rejoins that this evidence is not "new." (Doc. 154 at p. 4). In fact, SEI contends, Plaintiffs have known about the "Business Service Provider" designation for over a decade. (*Id.*). And even if this evidence were "new," SEI continues, it would not create a genuine dispute of material fact. (*Id.*).

To obtain reconsideration based on the discovery of new evidence, Plaintiffs must show that "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015) (citation omitted). Plaintiffs have not made the requisite showing.

First, having reviewed the documents attached to SEI's opposition, the Court agrees that evidence that SEI was a "Business Service Provider" for Stanford Trust Company cannot be considered "new." (Docs. 154-2, 154-3, 154-4, 154-5, 154-6, 154-7, 154-8). Documents produced to Plaintiffs as early as August 2010, as well as deposition testimony dating to November 2010, reveal the "Business Service Provider" relationship Plaintiffs claim to have only recently discovered. (Docs. 154-2, 154-3). Plaintiffs have not shown that this is "'the type of new evidence that a truly diligent litigant would be powerless to unearth' prior to summary judgment." *Ferraro*, 796 F.3d at 535 (quoting *Diaz v. Methodist Hosp.*, 46 F.3d 492, 495 (5th Cir. 1995)). To the contrary, the evidence strikes the Court as standard documentary evidence that could (and should) have been discovered earlier by proper diligence. *See Ferraro*, 796 F.3d at 534. Because this evidence is not "new," it does not provide grounds for reconsideration. *See, e.g., Gonzalez v. Philadelphia Indem. Ins. Co.*, 663 F. App'x 302, 306 (5th Cir. 2016) (per curiam).

Second, even if this evidence were "new," reconsideration would be unwarranted. General descriptions about the types of services SEI *could* provide for any "Business Service Provider" client do not create a material fact issue on the specific, dispositive question: Did SEI have the ability to control Stanford Trust Company's sale of fraudulent Stanford International Bank CDs and creation of bogus CD values? *See Triche*, 775 F.3d at 283.

Plaintiffs have not identified evidence that is "new" or material to the Court's analysis of SEI's control-person liability under Section 714(B) of the Louisiana

Securities Law. (*Id.* at pp. 18–20). Accordingly, Plaintiffs are not entitled to reconsideration of the Court's merits ruling on the ground of newly discovered evidence.

## IV. *SUA SPONTE* SUMMARY JUDGMENT

Plaintiffs sued the Insurer Defendants under Louisiana's Direct Action Statute, LA. REV. STAT. § 22:1269. (Doc. 28-5 at ¶¶ 142–146). That provision "'does not create an independent cause of action against the insurer; it merely grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured.'" *Sec. & Exch. Comm'n v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830, 850 (5th Cir. 2019) (quoting *Soileau v. Smith True Value & Rental*, 144 So. 3d 771, 780 (La. 2013)).

The Court has declined to reconsider its dismissal of all "substantive cause[s] of action" against SEI, the insured in this case. *Soileau*, 144 So. 3d at 780. So Plaintiffs have no claims against the Insurer Defendants under the Direct Action Statute. *See Marsh Eng'g Inc. v. Parker*, 2004-0509 (La. App. 3d Cir. 9/29/04); 883 So. 2d 1119, 1127 ("When the injured party's substantive cause of action against the original tort feasor [*sic*] is extinguished, the procedural right of direct action against the insurer, which is purely remedial and ancillary to the cause, must fall by operation of law.").

Invoking these authorities, the Court gave Plaintiffs ten days to show cause why the Court should not grant summary judgment to the Insurer Defendants. (Doc. 146 at pp. 14–15) (citing FED. R. CIV. P. 56(f)). Plaintiffs filed a response; in it, they

14

urge the Court not to uphold the summary judgment but concede that the Insurer Defendants "would not have liability in this action other than for the wrongful acts" of SEI. (Doc. 149 at p. 1). Considering the Court's dismissal of all "substantive cause[s] of action" against SEI, it appears undisputed that Plaintiffs' direct-action claims are deficient as a matter of law. *Soileau*, 144 So. 3d at 780. The Court therefore finds that there is no genuine dispute as to any material fact and that the Insurer Defendants are entitled to judgment as a matter of law dismissing Plaintiffs' direct-action claims. *See* FED. R. CIV. P. 56.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Reconsideration (Doc. 147)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Leave to File Supplemental Documents (Doc. 153)** is **DENIED** because Plaintiffs have not demonstrated that the evidence contained in the supplemental documents (1) is actually newly discovered; (2) could not have been discovered earlier by proper diligence; or (3) would create a genuine dispute as to SEI's ability to control the Stanford Trust Company's primary violations of the Louisiana Securities Law.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against the Insurer Defendants are **DISMISSED** with prejudice. Because this Ruling and Order results in the denial of all relief, a final judgment shall follow in accordance with Federal Rule of Civil Procedure 58. The Clerk of Court is respectfully directed to close this case.

Baton Rouge, Louisiana, this 15th day of August, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA